William F. Caton President Kansas Development Finance Authority 700 S.W. Jackson, Suite 1000 Topeka, Kansas 66603-3758
Dear Mr. Caton:
You request that we revisit the issue of whether the Kansas tort claims act applies to the Kansas development finance authority (authority). In an opinion issued by former Attorney General Robert T. Stephan, it was concluded that the act did not apply. Attorney General Opinion No. 94-140.
The tort claims act provides that "each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment" unless an exception applies which, in that event, would immunize the governmental entity and its employees from liability. K.S.A. 75-6103(a); K.S.A. 1994 Supp. 75-6104, as amended L. 1995, ch. 56, 260.
Governmental entity is defined as "state or municipality." K.S.A. 1994 Supp. 75-6102(c). State is defined as "the state of Kansas and any department or branch of state government, or any agency,authority, institution or other instrumentality thereof." K.S.A. 1994 Supp. 75-6102(a).
The issue we address is whether the authority constitutes one of the entities listed in the definition of state.
The authority was created in 1987 to be a "state-wide multiple-purpose bond issuing authority" which would provide an alternative means of financing capital improvements for state agencies and economic development projects in the private sector.Minutes, Senate Committee on Economic Development, February 11, 1987, Attachment III; February 26, 1987, April 1, 1987, Attachment III.
K.S.A. 74-8903(a) provides, in relevant part, as follows:
 "There is hereby created, with such duties and powers as hereinafter set forth to carry out the provisions of this act, a public body politic and corporate, with corporate succession, to be an independent instrumentality of this state exercising essential public functions, and to be known as the Kansas development finance authority." (Emphasis added).
The authority is given wide-ranging powers similar to those of the Kansas turnpike authority and the Kansas technology enterprise corporation, both of which are bodies "politic and corporate" like the authority. K.S.A. 68-2003; 68-2004; 74-8104. The authority issues bonds to finance capital improvement projects authorized by political subdivisions of the state for educational facilities, health care facilities and housing developments and capital improvement projects for state agencies. K.S.A. 74-8905, as amended L. 1995, ch. 125, sec. 2.
The authority's board of directors consists of the secretary of the department of commerce, and four members appointed by the governor and subject to confirmation by the senate. The governor designates both the chairperson and the vice chairperson as well as the president. K.S.A. 1994 Supp. 74-8903, as amended L. 1995, ch. 241, sec. 20.
When construing a statute, a court gives words in common usage their natural and ordinary meaning. Galindo v. City ofCoffeyville, 256 Kan. 455 (1994); K.S.A. 1994 Supp. 77-201 Second. The tort claims act applies to an "authority" of the state. K.S.A. 1994 Supp. 75-6102(a). An authority is a public administrative agency or corporation having quasi-governmental power and authorized to administer a revenue-producing public enterprise. Webster's Third New International Dictionary 146 (1986).
It is our opinion that the plain language of K.S.A. 1994 Supp.75-6102(a) applies to the Kansas development finance authority because it is a public corporation authorized by the legislature to issue bonds to finance, among other things, capital improvement projects authorized for the state and its political subdivisions.
The touchstone of former Attorney General Stephan's prior opinions concerning whether the tort claims act applied to state-created entities having the attributes of a private corporation depended upon whether they were performing "governmental functions." Attorney General Opinion No. 93-62. In Attorney General Opinions No. 86-155, 92-104 and 93-62, Attorney General Stephan concluded that the tort claims act applied to the Kansas healthy kids corporation, the corporation for change, the Kansas technical enterprise corporation (KTEC) and the information network of Kansas (INK) because they perform governmental functions. However, these opinions focused on the status of the entities as state agencies. Attorney General Opinion No. 94-140 never analyzed the issue of the Kansas development finance authority's status under K.S.A. 1994 Supp. 75-6102(a) as an "authority . . . or other instrumentality" of the state.
Attorney General Opinion No. 94-140's conclusion that the tort claims act did not apply to the authority was based on a comparison of the statutes which created the aforementioned public corporations and great emphasis was placed on the fact that the authority is an "independent instrumentality" exercising "essential public functions" as opposed to a "public instrumentality" performing an "essential governmental function."
In determining whether a function is governmental, the test is whether the activity in question is carried on for the use and benefit of the general public. Shoemaker v. City of Parsons,154 Kan. 387, 391 (1941). It is our opinion that the authority performs a governmental function by enabling political subdivisions of the state, and the state itself, to embark on projects that benefit the general public, and the fact that K.S.A.74-8903(a) indicates that the authority performs "essential public functions" does not negate the fact that the authority performs a governmental function as well.
We also note that K.S.A. 1994 Supp. 74-8910 provides immunity for the directors, employees and officers of the authority "for any reason arising from the service of such person as a director, employee or officer of the authority" unless the person acts with "willful, wanton or fraudulent misconduct or intentionally tortious conduct." Originally, this statute was enacted to protect only the directors and officers from personal liability arising from the issuing of bonds. The tort claims act provides no such specific immunity. In 1994, the coverage was broadened to include employees and provide immunity from personal liability for any reason arising out of the person's service in that capacity.
This amendment may provide the employees, officers and directors of the authority with greater protection from personal liability than the tort claims act can provide due to the limited number of exceptions from immunity in the tort claims act. In any event, we do not interpret K.S.A. 1994 Supp. 74-8910 as negating coverage under the tort claims act because the former statute does not protect the authority as an entity and may provide more protection for the authority's employees, officers and directors.
Finally, Attorney General Opinion No. 94-140 notes the recorded comments of a state senator during a committee meeting to bolster the opinion's conclusion that the authority is an entity "outside of state government" and "not a state agency." We do not address in this opinion whether the authority is a state agency because our task is to determine whether the authority is covered under the tort claims act. We conclude that the tort claims act applies to the Kansas development finance authority by virtue of K.S.A. 1994 Supp. 75-6102(a) and any conclusion to the contrary in Attorney General Opinion No. 94-140 is hereby withdrawn.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm